UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES HENRY, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-4511** |
| **LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION** | **SECTION: "G"(2)** |

# ORDER

Upon review of Plaintiffs James Henry and Caroline Henry's ("Plaintiffs") Complaint,[1] this Court has become aware that it lacks subject matter jurisdiction over the above captioned matter. "Federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[2]

In the Complaint, Plaintiffs state that the Court has jurisdiction under 28 U.S.C. § 1332(a)(1) "as there is complete diversity of citizenship between Plaintiffs and Defendant"[3] and "[t]he amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000)."[4] Plaintiffs allege that they are citizens of Louisiana.[5] They also allege that Defendant Louisiana Citizens Property Insurance Corporation ("Defendant") is incorporated in Louisiana and has its principal place of business in Louisiana.[6] Defendant is thus

---

[1] Rec. Doc. 1.

[2] *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[3] Rec. Doc. 1 at 2.

[4] *Id.* at 2.

[5] *Id.* at 1.

[6] *Id.*

a citizen of Louisiana, as the federal diversity jurisdiction statute provides that a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business."[7] Because there is no complete diversity of the parties, the Court lacks diversity subject matter jurisdiction.

Plaintiffs also state that the Court has jurisdiction under 28 U.S.C. § 2201, the Declaratory Judgment Act.[8] However, the Fifth Circuit has held that 28 U.S.C. § 2201 "'does not of itself confer jurisdiction on the courts.'"[9] Therefore, 28 U.S.C. § 2201 is not an independent basis for the Court's subject matter jurisdiction. It is apparent from the face of the Complaint that this case must be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' claims in the above captioned matter are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**NEW ORLEANS, LOUISIANA**, this 29th day of August, 2023.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[7] 28 U.S.C. § 1332(c)(1).

[8] Rec. Doc. 1 at 2.

[9] *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 343 (5th Cir. 2021) (citation omitted).